UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE BAINES,

                            Plaintiff,

                                                          DECISION AND ORDER

                                                          06-CV-6624L

              v.

SUPERINTENDENT MC GINNIS, et al.,

                            Defendants.
_____

       Plaintiff, Willie Baines, appearing *pro se*, .commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued a number of defendants, all of whom at all relevant times were officials or employees of DOCS. Plaintiff alleges that his constitutional rights were violated in several respects in December 2003, in connection with an alleged assault upon him by several correction officers at Southport Correctional Facility, where plaintiff was then confined.

       Defendants have moved for summary judgment dismissing the complaint, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

## DISCUSSION

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

       Rule 56(e) of the Federal Rules of Civil Procedure provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* plaintiff, either the movant or the district court must provide the plaintiff with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, both defendant's notice of motion (Dkt. #33) and separate Local Rule 56.2 Notice" (Dkt. #41), as well as the Court's scheduling order (Dkt. #42), gave plaintiff ample notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. In addition, plaintiff is clearly aware of the pendency of the motion, since he requested, and received, an extension of time to respond to the motion, which was granted. *See* Dkt. #46, #47, #48.

It also appears that plaintiff has failed to comply with his responsibility to keep the Court apprised of his current mailing address. Under the local rules of this district, parties appearing *pro se* are required to furnish the Court with a current address at all times. *See* Rule 5.2(d) of the Local Rules of Civil Procedure for the Western District of New York. Upon discovering, via the DOCS internet Inmate Lookup website, http://nysdocslookup.docs.state.ny.us, that plaintiff had been moved from his last reported address, the Court undertook, of its own accord, to send plaintiff a new notice, giving him an additional period to respond to defendants' motion, by January 7, 2011. He has not done so.

Accordingly, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Exhaustion of Remedies**

Accepting the truth of defendants' unrebutted factual allegations, it is clear that they are entitled to summary judgment. For one thing, the record shows that plaintiff did not properly exhaust his administrative remedies, as the grievance that he filed concerning the underlying events was properly dismissed as untimely. *See* Dkt. #38 Ex. A at 81-82. *See Woodford v. Ngo*, 548 U.S. 81, 90, 95 (2006) (holding that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," because "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"); *see*, *e.g.*, *Price v. Engert*, 589 F.Supp.2d 240, 246 (W.D.N.Y. 2008) (plaintiff's claims against DOCS officers were subject to dismissal for failure to exhaust administrative remedies, since undisputed facts showed that plaintiff's grievance was untimely.

At his deposition, plaintiff testified that he waited until he had been transferred to a different facility before filing a grievance because he was afraid of retaliation at Southport. Dkt. #38 Ex. A at 82. He has alleged no facts showing that he had any reasonable basis for such fear, however. Records submitted by defendants also show that plaintiff has filed six grievances during his period of incarceration, one of which was filed at Southport, and he has provided no evidence that he was retaliated against for any of those grievances. Plaintiff has therefore not demonstrated the existence of any genuine issue of fact concerning whether he had an objectively reasonable fear of retaliation that would excuse his untimely filing. Were the rule otherwise, an inmate could easily circumvent the PLRA's exhaustion requirement simply by making the conclusory, unsupported assertion that he was deterred from filing a grievance, or a timely grievance, out of fear of retaliation. *See McCloud v. Tureglio*, No. 9:07-CV-0650, 2008 WL 1772305, at *11 (N.D.N.Y. Apr. 15, 2008) ("Plaintiff's feeling of fear of 'retaliation from [unidentified] officers' is completely unexplained and wholly conclusory," and did not excuse plaintiff from compliance with PLRA's exhaustion requirement).

**III. Other Issues**

Defendants McGinnis, Marshall and Furman also argue that plaintiff's claims against them should be dismissed for lack of their personal involvement. In addition, all the defendants argue that plaintiff's claims for race discrimination, due process violations and conspiracy should also be dismissed on the merits.

Although my conclusion that the complaint should be dismissed for failure to exhaust administrative remedies renders it unnecessary for the Court to determine these issues, I agree, on the record before me, with defendants' arguments in this regard. Plaintiff has not presented any evidence demonstrating that defendants McGinnis, Marshall, or Furman were involved in the underlying incidents. Plaintiff's conclusory allegations also provide no support for his claims of race discrimination (*i.e.* his first cause of action), due process (second cause of action), or conspiracy (fifth cause of action). Thus, those claims would be subject to dismissal in any event.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #33) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    February 24, 2011.